May it please the court, my name is Christian Izaguirre and I represent the appellant Mr. Edward Gentry. I'd like to reserve two minutes of my time for rebuttal but I'll keep an eye on my clock. The fundamental problem in this case is that the lower court admitted hearsay statements of an unknown number of declarants who may not have seen the actual accident that occurred in this case. Admitting that hearsay without Mr. Gentry having the ability to challenge it was constitutional error. So I'd like to start first with the Comedo Balancing talking about Mr. Gentry's significant interest that he had in confronting these witnesses. Then I'd like to move into the complete lack of cause provided by the government for denying him that right and then briefly discuss the correct standard which is harmless error beyond a reasonable doubt because of the nature of the evidence which was constitutional. So counsel did the district court judge understand your objection because he seemed I think your confrontation clause, due process clause grounds and he seemed to think it was hearsay because he said present sense impression. Your Honor I'd be speculating we made it clear that our objection was hearsay. We filed a memo before the hearing. We objected at the beginning of the hearing. The court itself before the hearing started said he had concerns about hearsay being admitted and then I lodged a standing objection after Officer Payne, the officer who admitted who testified to the hearsay. I lodged a standing objection almost immediately after that began to enter the record. What happened if the court reads ER 84 and 85 which is the court's decision here is essentially they didn't engage in the Comedo Balancing. The court found a hearsay exception and jumped right to because there's a hearsay exception it's reliable and therefore came to its conclusion that Mr. Gentry had committed vehicular assault. I thought the court said that even at page ER 84 even if the hearsay exception didn't apply it's corroborated and made reliable because of Mr. Gentry's own comments that he was going super fast trying to get to the hospital and his When I look at and I listened to the tape and you stipulated to the tape coming in right? That's correct your honor. So I'm listening to the tape he says your client says I tore the F off he uses the word I won't I tore the F off my girlfriend said I was driving effing fast she said I blew through a red light so how whatever there was about the the unknown witnesses your client hit a cyclist in a marked crosswalk who had the walk sign that's undisputed right? Well your honor parts of that he hit a cyclist whether there was a walk sign at some point in the crosswalk yes. And she said the police officer reported her testimony her statement that it was she had the walk sign. Her unconfronted statement yes. And you never objected to that right? Well we objected to all hearsay your honor. Well it's not the way I read your your your memo or what you said at the hearing but in any case why isn't your client saying I tore the F off I tore the F off and this the unobjected to statement that his girlfriend said I blew through the red light and he hit a whatever the standard is beyond a reasonable doubt. So a few things in there your honor he made that statement just factually he made that statement I tore the F off and that is in the context of him just being stabbed that area where he was he was stabbed was nearly half a mile from where the accident happened so absent the challenged hearsay what we have is his point and then we have even though I even though the objection was lodged with respect to hearsay but even the court disagrees with that that it wasn't with respect to the girlfriend's statements that he went through a red light and that the debris was scattered anywhere from 100 to 300 feet and that the debris was scattered so what we have is there's a testimony was a hundred to several hundred feet correct so what we have is there's evidence of an accident there's evidence that he tore off from where he was stabbed what we don't have is the key like Camito what's an issue here is whether he was operating the vehicle sorry like Camito it's the key issue is the central element so it's not that he was driving it's not that there was an injury I'm sorry why isn't the key element that he hit a cyclist in a marked crosswalk when he decided to and he said I tore the F off and the girlfriend said he blew through a red light why regardless of this hearsay from the witnesses why doesn't that establish beyond any doubt that he was reckless he hits he had a cyclist in a marked crosswalk going by his own admission fast to get to the hospital how could that not be reckless and not in regard for the the safety of others I'm missing this because your honor the the evidence absent the hearsay is that he was driving fast at some point fast the government nor the court submits submitted anything is per se reckless perhaps that's negligent at some point about what about go blow on a red light and hitting somebody in a crosswalk well the courts respectfully the courts assuming that he blew the relevant red with respect to where the cyclist was hit but even even if that that's the case that is not per se reckless there's no say reckless to drive through a red light and hit a cyclist in a marked crosswalk breaking her pelvis and scattering the debris 100 to 300 feet blowing a red light and hitting hitting a cyclist in a crosswalk is not reckless beyond a reasonable doubt no it's not and so what the what the evidence shows is that there was serious bodily injury that mr. Gentry was operating the vehicle and that mr. Gentry at some point was speeding away after after being stabbed but the key element here is whether he was operating operating the vehicle reckless recklessly at the time of the accident and the only thing that speaks to that directly are these unknown declarants which mr. Gentry could not challenge which highlights the these witnesses well that again is based on if we would have to accept your position that going through a red light and hitting a cyclist in a marked crosswalk is not by itself overwhelming evidence of recklessness to my knowledge your honor there is no case that says per se going through a red light is per the cyclist establishes the serious bodily injury which was never contested this is similar to Camito where in that case the Camino didn't deny that he used his girlfriend's accounts his credit card her credit cards he didn't deny that he had access to that the question was whether he had permission so yes there is some cross-corroboration here that mr. Gentry was speeding at some point that he was operating the vehicle but the key question here is whether he was driving reckless at the time well why would why would the witnesses hearsay estimates why would that per se establish recklessness but going through a red light wouldn't I'm sorry I see my time's run but I'd like to answer your question isn't it you have two minutes left okay can you repeat the question I apologize once you just go ahead counsel it's all right you can complete your argument as you see fit yeah it'd be nice to hear his argument I'm still trying to figure out so you're you're you had a hearsay a standing hearsay objection and what was the government's good cause for not bringing in the witnesses essentially none your honor they didn't provide any evidence that there was cause not to bring the witnesses they cited generally that there were COVID concerns the court itself said that wasn't good cause and so the argument essentially that the court here first didn't engage in the is not an open question in this circuit when hearsay is admitted at a supervised release hearing there must be an engagement with respect to the the balancing a couple of questions one is am I correct in thinking that if our panel was were to determine that there was a confrontation clause violation in the way this was handled that the government could could proceed again and with another hearing and call witnesses by video and let your let your let you cross-examine them and try to get the same conviction yes this court and said that the government could have provided some other alternative and that was offered by the court here there could have been a continuance there could have been video cross-examination instead the the government decided to proceed without mr. Gentry to be able to confront these declarants at all so the remedy would be that it be reversed or amended to the district court and then we'd be able if the government chose to to proceed to provide some meaningful way for mr. Gentry to confront these unknown declarants the second question I had was this after the police officer testified is there any way that you could cross-examine the police officer about these declarant witnesses no your honor that would all be speculation who saw and then highlights the issue here in the significance of mr. Gentry's interest who saw the actual accident how many declarants were there did they was their attention brought to the accident at the point of impact because of the sound were they the actual were they repeating something that they heard all of this is in question and we just can't meaningfully discuss it and we wouldn't be able to question confront the officer about each individual declarant which wasn't even specified and if the court looks to er 31 and 32 the officer testified that these declarants essentially were on scene of the accident and started yelling statements at him but didn't specify who said what or how many there were and that just highlights the need here against the government's complete lack of good cause which is essentially nothing so for those reasons we believe that this court should reverse and remand back to the district court so I assume the what's your response to that your honor I think there's no fair reading of this that it was harmless beyond a reasonable doubt perhaps it was probable maybe even more likely than not but I without the ability to confront these witnesses we just don't know and even if this falls within it has some reliability as this Mr. Gentry's interest in confronting his witnesses but did not defeat it defeat his interest if this court looks at Martin where in that case the releasee was challenging your analysis test and the court said essentially your analysis test being wrong is not such a rarity as to defeat his interesting confronting the witnesses who performed the lab test because in that case they brought a probation officer to testify the results but not how the tests were confirmed certainly Mr. Gentry has more of an interest in confronting these witnesses eyewitnesses as compared to Martin with your analysis test which is also this court could also look at Walker where they found that the releasee there essentially had no interest in confronting the witness because the question there was whether Walker was on supervised release and the quote from this court was there was no reason to doubt the evidence because the probation officer was testifying to hearsay that this person was on supervised release but there was little room to cross-examine whereas here all of the questions I've already raised and raised in the briefing are open questions for for this for Mr. Gentry to confront thank you good morning your honors and may it please the court Tanya Culbertson for the United States as to the vehicular assault violation this was not a close call for the district court the uncontested evidence at the hearing was more than enough to conclusively prove that violation I want to clear up quickly a little bit of confusion on the standard of review because I've heard some talk about harmless beyond a reasonable doubt it cannot be that an error in introducing evidence at the revocation hearing would elevate the ultimate burden of proof for the government from a preponderance to beyond a reasonable doubt now perhaps we could say that this court must assure itself that the effect of the error was harmless beyond a reasonable doubt because the remaining evidence sufficiently proves the violation by a preponderance here as Judge Bennett has detailed we have a lot of uncontested non hearsay evidence supporting the vehicular assault we have the statements in his recording which Judge Bennett referenced we have Officer Payne's description of what he saw again the the debris scattered the electric bicycle destroyed the clear officer didn't actually see the accident do we know how long it was after the accident that the officer arrived at the scene we do not know exactly how long it was but we do know that it was very quickly after the accident and the reason we know that is in the record at ER 30 and at ER 32 when Officer Payne is testifying he says he's already on the scene talking to the witnesses and I think in fact talking to Mr. Gentry's girlfriend who had just run up on the scene when the second call comes in that there is a potential victim of a stabbing several blocks away so it had to have been very quickly after the accident because Mr. Gentry did not get very far when he ran could the could the government have presented the witnesses virtually was that means of proceeding here available to you potentially it could have your honor but I think the prosecutor when she talked to the district court about proceeding with hearsay said that much of what happened here as to the vehicular assault violation certainly was uncontested she had in her hands essentially this recorded confession from Mr. Gentry about the recklessness of his driving and she had you know all of the physical that the government intended to rely on went to the second violation which was not proven whether officer Payne could testify to the fact that Mr. Gentry smelled like alcohol because he heard that from another officer on the scene and that's borne out by the hearing transcript if you look at the transcript most of the cross-examination and you know a lot of argument is about that hearsay coming in and of course the district court did not allow that hearsay in it determined that as to that hearsay and Mr. Gentry's right to that this case raises like it seems like there was a shortcut here and the question for us is like how important was where those witnesses live testimony to the outcome of this case but it's but it seems like there was a shortcut because of the Omicron variant coming rising and I'm just wondering them have are we going to get it here a number of cases like this where the district court judges may have taken shortcuts and not called witnesses because of the two years of COVID that that the pressures that have been building to handle these cases well I don't know the answer to that your honor I general concern I understand that general concern and I hope that won't be the case I will say though as to this specific case I think mr. Gentry's need to confront was very low I think he is overstating the importance of the hearsay evidence here counsel I although I agree with you on that point the problems we are facing at this hearing today are in my view entirely of the government's making your your colleague chose to present this hearsay even though it was unnecessary as you've said the judge tried to dissuade your colleague from doing that in very stark language so I share judge Ward law's concern I think the evidence here was very strong but the reason we're here today with this problem is because I think your colleague made a bad decision to offer this hearsay and not even try to do it by video and offered no cogent reason for not doing it so if this comes up again I think that your office ought to take a different tack I will certainly note that your honor and relay that to the office and I would simply point out that if this court feels that there was a significant due process violation here it can just excise the hearsay evidence and the evidence that remains beyond a reasonable doubt is still sufficient to prove the vehicular assault by a preponderance but I will certainly pass on the panel's concerns about how the hearing was conducted here one other point before I sit down I just I think the panel is clear on this but mr. Gentry did not object to the recording coming in and that is shown at er 31 and 53 at 31 that is when the standing objection to any hearsay your counsel said that coming in your cook your friend said that at the hearing today okay very good I just wanted to clarify that on the record if the panel has no further questions then we ask that you affirm the district court all right I thank you counsel United States versus gentry will be submitted
judges: WARDLAW, GOULD, BENNETT